## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Jhael J. Garcia Cruz, a Special Agent with the United States Drug Enforcement Administration (hereinafter referred to as DEA), U.S. Department of Justice, being duly sworn, depose and state as follows:

### INTRODUCTION

1. I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510 (7). I am, therefore, an officer who is empowered to conduct criminal investigations, and to make arrests for, offenses enumerated in Title 18, United States Code, Section, 2516. I am a Special Agent with the DEA and have been employed since 2024. As a Special Agent, I have been sworn to enforce the laws of Title 21, United States Code, and related offenses under Title 18, United States Code. I have received 17 weeks of training at the DEA Training Academy in Quantico, VA. I am currently assigned to the DEA Caribbean Division Airport Investigations and Tactical Team (AirTAT). During my law enforcement training and career, I have received detailed instruction in and conducted various investigations concerning the unlawful importation and distribution of controlled substances; the laundering and concealment of drug proceeds; and the illegal use of communication facilities by drug traffickers in furtherance of their criminal activities.

2. Based on my training and conversations with other law enforcement officers, I have become familiar with the trafficking of illegal drugs and it's proceeds, and with the drug trafficking organizations operating in Puerto Rico. As part of my official duties, I am required to participate in seizures of property and currency, which are obtained from proceeds of illegal drug trafficking activity. Moreover, I have been trained how to interview persons involved in the drug trafficking and money laundering business. Through my training and experience, I have become familiar with the modus operandi of drug traffickers and their methods of communication, which includes the use of cellular telephones.

3. The information in this affidavit is based upon my personal knowledge, as well as information that I have received from other law enforcement sources. Because this

affidavit is made for the limited purpose of establishing probable cause for the issuance of an arrest warrant, I have not recited each and every fact known to me as a result of this investigation. As a result of my personal participation in this investigation, conversations with other law enforcement officers, reports and other sources, I am familiar with the circumstances described in this affidavit.

4. I make this affidavit in support of a criminal complaint concerning the following federal offenses: Possession with Intent to Distribute Five Kilograms or More of Cocaine, a Schedule II Controlled Substance, in violation of 21 U.S.C. § 841(a)(1), and Conspiracy to Possess Controlled Substances with Intent to Distribute, in violation of 21 U.S.C. § 846.

## PROBABLE CAUSE

5. The Drug Enforcement Administration (DEA) Caribbean Division (CD) Airport investigations and Tactical Team (AirTAT) members in Puerto Rico are working in conjunction with the Department of Homeland Security's (DHS) Homeland Security Investigations (HSI), and Puerto Rico Police Bureau (PRPB) at the Luis Munoz-Marin International Airport (airport code: SJU).

6. On August 6, 2025, at approximately 5:30 A.M., PRPB along with HSI personnel were conducting luggage inspections with a drug-detection canine (K-9). During the inspection, the K-9 alerted positive to the presence of the odor of narcotics on one dark green colored, soft shelled, suitcase registered through American Airlines. The suitcase was tagged to Hernandez Mena and destined for Philadelphia International Airport, via a flight from San Juan, Puerto Rico, on American Airlines. HSI AirTAT personnel working at SJU made contact with a female subject who was later identified as **Pilar Alexandra Hernandez Mena** (identified through her Puerto Rico Driver's license along with her Boarding Pass). Her boarding pass revealed her travel destination was Philadelphia International Airport.

7. At this point, HSI AirTAT agents asked Hernandez-Mena if they could talk to her due to a PRPB K-9 alerting to the odor of narcotics on the dark green colored, soft shelled, suitcase registered to her name. At the Jet bridge, HSI AirTAT agents asked her if the

dark green colored, soft shelled, suitcase registered under her name (Pilar Hernandez-Mena) were her property, Hernandez-Mena admitted that the dark green colored, soft shelled, suitcase registered to her name was her property, but she alleged the suitcase was prepared by her cousin.

8. HSI AirTAT agents asked Hernandez-Mena if she could open the dark green colored, soft shelled, suitcase and she agreed. She opened the suitcase and HSI AirTAT members gained verbal consent form her to inspect her suitcase wherein they found multiple postal packed packages that were consistent with shape and texture of narcotics prepared as brick shaped objects. HSI AirTAT members closed the dark green colored, soft shelled suitcase and Hernandez-Mena was detained and escorted to the AirTAT office in SJU.

9. With the consent of Hernandez-Mena, HSI AirTAT agents looked inside the suitcase, to which they discovered 10 brick-shaped objects with the label of "gul, La Industria" wrapped in brown plastic, placed in postal bubble wrapped packages, surrounded by clothing inside the suitcase. At this point, HSI AirTAT personnel escorted Hernandez-Mena to the AirTAT office at the SJU, where she was arrested by DEA AirTAT members and advised of her Miranda Rights. Based on experience and training of the agents, the brick-shaped objects were consistent with the shape and size of kilogram bricks of cocaine.

10. On the same date, HSI AirTAT personnel called DEA AirTAT personnel for assistance and DEA AirTAT personnel took custody of the case.

11. DEA AirTAT agents advised Hernandez-Mena of her Miranda Rights, and she waived her Miranda Rights knowingly and willingly. Hernandez-Mena then stated to have been recruited for the drug-venture by Neishaliz Santana who offered her $3,000 upon the completion of the drug-venture from San Juan to Philadelphia. Hernandez-Mena further stated that on the morning of August 6, 2025, Neishaliz Santana picked her up at her residence and took her to SJU with the packed suitcase seized by the agents for her drug-venture that resulted in her arrest.

12. The brick-shaped objects were field tested by HSI AirTAT members testing positive to the controlled substance of cocaine with a combined weight of approximately 11 kilograms.

## CONCLUSION

13. Based upon my training, experience and participation in other investigations, and based on the facts revealed in this investigation, I believe that sufficient probable cause exists to demonstrate that Pilar Alexandra Hernandez-Mena committed the following federal offenses: Possession with Intent to Distribute Five Kilograms or More of Cocaine, a Schedule II Controlled Substance, in violation of 21 U.S.C. § 841(a)(1), and Conspiracy to Possess Controlled Substances with Intent to Distribute, in violation of 21 U.S.C. § 846.

JHAEL GARCIACRUZ
Digitally signed by JHAEL GARCIACRUZ
Date: 2025.08.06 16:16:16 -04'00'

_____
Jhael Garcia Cruz
Special Agent, DEA

Sworn in accordance with the requirements of FRCP 4.1 at __6:08 PM__ by telephone, this __6th__ day of August 2025.

_____
Hon. Marcos E. López
United States Magistrate Judge
District of Puerto Rico